EMBRY, Justice.
Ruth L. Johnson, and James S. Lloyd, as guardian ad litem of Darrin L. Sanders, appeal from a final judgment of the Probate Court of Jefferson County that permitted Louis Hollins to dissent from the will of his late wife Emma Hollins and take as if there were no will and which further granted him the exemption in lieu of homestead provided in Code 1975, § 6-10-61 (exemption in lieu of homestead when decedent has no homestead exempt to him or her at the time of death). The judgment further ordered that the only real property owned by Emma Hollins at her death, a house and lot at 508 Tenth Street, Birmingham, Alabama, be sold and $6,000 of the proceeds be applied according to the provisions of Code 1975, § 6-10-96, reading in part as follows:
.. . and said sum of $6,000.00 shall, in the discretion of the court, be applied by the court to the purchase of a homestead for the benefit of such surviving spouse and minor children, or either of them or be paid by the court to the surviving spouse for the use and support of said surviving spouse and minor child or children or either ....
The issues presented for our review are: (1) Whether the probate court is authorized to order award of a $6,000 exemption in lieu of homestead to a surviving husband where his deceased spouse died testate; and (2) and whether a surviving husband may dissent from his deceased wife’s will and take as if she died intestate.
Facts
Emma Hollins died testate in January 1979. The record does not indicate what, if any, personal property she owned but it does disclose that the only real property she owned was the house and lot at 508 Tenth Street, Birmingham, Alabama. That property did not exceed 160 acres in area but did exceed $6,000 in value. Under her will, Emma Hollins left a succession of life estates in her homeplace (508 Tenth Street, Birmingham, Alabama), furniture and household goods; first to her daughter, Ruth Sanders (Johnson), and her grandson, Darrin L. Sanders; then to the survivor thereof for life; then to the children of Darrin Sanders, living at the testatrix’s death (there were none), for life; then to Louis Hollins for life; then to Eula Streeter for life. Upon termination of those life estates the will provided for a remainder in Margie Deaton, Camilla Tettway, Ida Mae Taylor, Fletcher Satisfield, Deforis Satis-field and Levia Satisfield. The residue of her estate, both realty and personalty, she left Ruth Sanders (Johnson) and Darrin L. Sanders absolutely. There is nothing in the record to show that there were any assets in the estate other than the house and lot at 508 Tenth Street, Birmingham, Alabama.
Discussion
Code 1975, § 6-10-61, permits the surviving husband to set apart $6,000 of the proceeds from the sale of the homestead as an exemption in lieu of homestead. This statute is now a neuter gender statute. Not only is it neuter gender but it expressly provides “... and in no case and under no circumstances shall the surviving spouse ... be deprived of homestead or $6,000 in lieu thereof This right of exemption cannot be cut off by a will of the deceased spouse. See Chamboredon v. Sayet, 176 Ala. 211, 57 So. 845 (1912). Being creatures of law, homestead exemptions are not affected by testamentary disposition. Richter v. Richter, 180 Ala. 218, 60 So. 880 (1913).
Appellants argue that the Const, of Ala. of 1901, § 209, prohibits the surviving husband from taking an exemption in lieu of homestead when the wife dies tes *239 tate. We do not place such a broad over-inclusive construction on that section of the constitution. It provides:
The real and personal property of any female in this state, acquired before marriage, and all property, real and personal, to which she may afterwards be entitled by gift, grant, inheritance, or devise, shall be and remain the separate estate and property of such female, and shall not be liable for any debts, obligations, or engagements of her husband, and may be devised or bequeathed by her, the same as if she were a femme sole.
The provision was designed to provide for the separate estate and property of married women and to afford married women the same capacity to devise and bequeath property as an unmarried woman. This court has stated with regard to this provision that:
In the interpretation of constitutional provisions like that under consideration, the intent of their adoption, the end proposed to be accomplished, cannot well be ascertained, nor can they be justly interpreted and construed, unless the prior state of law, written and unwritten, is kept in view. It is only by consulting the common law, that we can understand and explain the full import and significance of the terms employed in this section, the changes it may work, and render secure against legislative enactment. By the common law, the husband and wife were regarded as one person, and her legal existence and authority were in a degree merged in that of the husband. She had not capacity to contract, nor the management or disposal of property. If at the marriage she was seized of an estate of inheritance, or she became seized thereof during marriage, the husband became seized, taking the rents and profits during their joint lives, and by possibility during his life, leaving to the wife or her heirs a reversion only. If the estate was of freehold, and not of inheritance, as for her own life, or that of another, the husband became seized of such estate, taking the rents and profits during marriage. Her chattels real passed to the husband, who could sell, assign, or make other disposition of them at pleasure. He had power to reduce to possession her choses in action, and by reduction they became his own absolutely. Personal property of which she had possession, or of which title and possession accrued during marriage, vested immediately and absolutely in the husband. A liability of all such property to the debts of the husband, and his power to dispose of it, were incidents of the right and interest thus created by the law.
Bender and Wife v. Meyer & Co., 55 Ala. 576, 580 (1876).
The meaning of this constitutional provision is all the more apparent when it is kept in mind that prior to adoption of it a married woman did not have the capacity to devise real property. Baker v. The Heirs of Chastang, 18 Ala. 417 (1850).
After consideration of these factors, it is clear that § 209 has no relation to this case or to the statutory provisions regarding homestead exemptions, or exemptions in lieu thereof, codified in Code 1975, §§ 6-10-60 through 6-10-107 but rather provides married women with the right to own separate property and with the capacity to devise and bequeath such property.
Regarding whether Louis Hollins may dissent from his deceased wife’s will and take as if she died intestate, there is no requirement that a surviving spouse dissent from the deceased spouse’s will in order to claim homestead exemptions or an exemption in lieu thereof. See Johnson v. Johnson, 252 Ala. 366, 41 So.2d 287 (1949). Furthermore, the probate court’s decision in this regard is not necessary to a resolution of the dispositive issue in this case in this appeal. On this record, it would be reckless to address constitutional questions regarding the statute giving a widow, but not a widower, the right to dissent from a will.
The appellee, Louis Hollins, argues that there are no other assets against which he may make a claim and the right to dissent is totally without consequence in this case. Appellee’s position in this regard is totally *240 consistent with the record. It is therefore apparent that the portion of the probate court’s decree which grants the surviving husband the right to dissent is unnecessary surplusage in this case. We hereby modify that decree to delete the portion of it granting Louis Hollins the right to dissent from Emma Hollins’s will and to take as if there were no will. In all other respects the decree of the probate court is hereby affirmed.
MODIFIED AND AFFIRMED.
TORBERT, C. J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.